Daniel, J.
delivered the opinion of the Court.
It appears to the Court, that since the trial of the action upon the indemnifying bond, the appellant has discovered material evidence tending to prove that the deed of trust of the 7th October 1840, is, so far as the same purports to have been made for the security and indemnity of the appellees James C. Sears and Henry Sears, fraudulent and void ; and that the failure to procure and furnish said evidence at said trial, is not to be attributed to any want of diligence on the part of the appellant. If, therefore, the questions involved in the defence to said action were cognizable only at law, and could be there fully and fairly presented and tried, this Court would feel no hesitation in deciding that the Court below ought to have granted the appellant a new trial. The said deed, however, purports to have been made not only for the benefit of the said James C. and Henry Sears, but also to secure to George Booth the payment of a debt, as to which there is no proof or allegation that said deed is not a valid security. In this state of things the Court is not satisfied that to grant a new trial to the appellant, would be to extend to him the proper relief, inasmuch as his defence founded on the alleged fraud in the deed of trust might be successfully met or greatly embarrassed by the objection that the plaintiff ought not to be wholly defeated of his action, unless the deed were void in toto ; and that it would be improper so to pronounce a conveyance made in part, for the indemnity of a fair and bona fide creditor, having no notice of any dishonest purpose on the part of the grantor. The Court is also of opinion, that the appellaut, apart from his right, under the circumstances of this case, to impeach said deed in a Court of Chancery, notwithstanding his unsuccessful effort to do so at law, had a right *38 to call for an account of the trust subject; and that the Court below having thus before it a case proper for the exercise of its jurisdiction, ought to have overruled the motion to dissolve the injunction, and to have proceeded, a^ter ^ie ProPer stePs)t0 dispose of the trust subject, and to do complete justice among all the parties according to their respective rights. The Court is further of opinion, that in consideration of the conflict of evidence touching the character of' the deed of trust, it would have been proper in the Court below, in order satisfactorily to ascertain the same, to have directed an issue to try whether the said deed was made by the grantor, Kemp Dillard, with intent or purpose to delay, hinder or defraud his creditors; and if so, whether the said James C. and Henry Sears, and George Booth, or any or either of them participated in, or had notice at the time of the execution of the deed, of such intent or purpose. It seems also to the Court that the said Booth ought to have been made a party, and that William H. Rowe <Sf Co., J. Sf S. Medlicott, William Anderson and Jasper C. Hughes, the creditors, to whom the said Henry Sears is recited in said deed to be bound as the security of the said Kemp Dillard, and the payment of whose debts the said deed purports to secure, ought also to h'ave been made parties. This Court is therefore of opinion to reverse the order dissolving the injunction, and refusing to the plaintiff in the Court below permission to amend his bill, with costs. And this Court proceeding, &c., the injunction is reinstated, and the cause remanded to the Court below, with instructions to receive the amended bill, to have the proper parties made, to direct an issue, such as is above indicated ; also an account of the trust fund, if desired by the appellant, or found necessary by the Court, in order to do justice among all the parties interested, and for such other proceedings as may be proper, in order to render a final decree in accordance with the principles above declared.