## CIRCUIT COURT OF ROANOKE COUNTY

Shari E. Wyrick

v.

Richard I. Wyrick, Jr.

January 21, 2003

Case No. CH02-245

BY JUDGE ROBERT P. DOHERTY, JR.

The Franklin County Circuit Court enjoined divorcing parties from contacting each other except as necessary to carry out child visitation. This injunction was obtained at the request of the Wife, against the Husband, and addressed issues involving the personal safety of both parties. Subsequently, the Wife alleged that the Husband either threatened or perpetrated violence at an attempted exchange of the children at the Vinton Police Department, located in Roanoke County, and obtained an emergency protective order against Husband from a Roanoke County Magistrate pursuant to § 16.1-253.4, Code of Virginia (1950), as amended. Thereafter, pursuant to § 16.1-253.1 and § 16.1-279.1, the protective order, the terms of which initially countermanded and later just altered the Circuit Court injunction entered pursuant to § 20-103, was enlarged and made effective by the Roanoke County Juvenile and Domestic Relations (J&DR) Court for a period of one year. Husband appeals the order of the J&DR Court which overrode the Circuit Court injunction, alleging that the J&DR Court lacked jurisdiction over the parties or the controversy, as the same had been earlier assumed by the Circuit Court. Wife argues that § 16.1-244 gives concurrent jurisdiction to the J&DR Court and that the protection of the Wife and children require the Circuit Court to give full force and effect to the J&DR protective order. The Court finds that the J&DR Court was without jurisdiction to enter the protective order.

The Wife confuses subject matter jurisdiction with personal jurisdiction over the parties and their cause. Statutes cannot be construed in a vacuum but instead must be read in light of the existing common law and the entire statutory scheme, of which each statute is just a portion. The common law principle at the heart of this conflict concerning concurrent jurisdiction is that "In cases of conflict of jurisdiction, it is well settled as the general rule that between two courts of concurrent jurisdiction, the court which first acquires cognizance of the controversy, or obtains possession of the property in dispute, is entitled to dispose of it without interference or interruption from the co-ordinate court. Having first acquired jurisdiction, it is entitled to retain it until the end of the litigation. . . ." *Craig v. Hoge*, 95 Va. 275, 279, 28 S.E. 317 (1897). This common law maxim has been altered by certain specific exceptions such as those set forth in § 16.1-244 concerning the concurrent jurisdiction of the J&DR Court and the Circuit Court in domestic relations matters.

Those exceptions occur when jurisdiction of the parties and their cause has been taken by the Circuit Court upon the filing of a divorce case. The J&DR Court is not divested of its authority to enter orders to determine custody, guardianship, visitation, or support unless a hearing on those matters in Circuit Court has been set "for a date certain to be heard within twenty-one days of the filing . . ." of the divorce suit. The J&DR Court may also "enforce its valid orders prior to the entry of a conflicting order of any circuit court, or to temporarily place the child in the custody of any person when that child has been adjudicated abused, neglected, in need of services, or delinquent. . . ." Notwithstanding these exceptions, the concurrent jurisdiction of the J&DR Court shall cease, pursuant to § 20-79, "and its orders become inoperative upon the entry of a decree . . . in a suit for divorce instituted in any circuit court in this Commonwealth having jurisdiction thereof, in which decree provision is made for support and maintenance for the spouse or concerning the care, custody, or maintenance of a child or children, or concerning any matter provided in a decree in the divorce proceedings in accordance with the provisions of § 20-103."

In this case, the Circuit Court for Franklin County acquired jurisdiction over the parties before any action was taken by the Roanoke County J&DR Court. Thereafter, it entered an order addressing support, custody, and visitation, and it granted injunctive relief concerning the safety of the parties and the manner in which they should conduct themselves in their relationships with each other and their children. That order, entered pursuant to § 20-103, not only exercised jurisdiction over the support, custody, and visitation matters of the parties, but it also exercised the jurisdiction of the Circuit Court over

76

those same matters with respect to these parties as is granted to the J&DR Court, pursuant to § 16.1-279.1, when it issues protective orders. The exceptions allowing an exercise of concurrent jurisdiction by the J&DR Court over these parties pursuant to § 16.1-244 did not come into play because those unique circumstances did not exist. In addition, upon entry of that Circuit Court order, the dictates of § 20-79 divested the J&DR Court of jurisdiction over the parties on all matters set forth in the Circuit Court order. That divestment of jurisdiction prevented the J&DR Court from having the authority to enter a protective order, and the Court finds it to be void *ab initio*.