# CIRCUIT COURT OF THE CITY OF NORFOLK

In re Petition of
Michael A. Scott

September 18, 2009

BY JUDGE EVERETT A. MARTIN

By order dated July 2, 2001, in *Michael A. Scott v. Norfolk Southern Corp., et al.*, At Law No. 99-351, the Court enjoined the petitioner "from filing any further actions . . . in any Court of this Commonwealth without first obtaining leave of this Court." In *dictum*, the Supreme Court of Virginia approved pre-filing injunctions in *Switzer v. Switzer*, 273 Va. 326, 332-33, 641 S.E.2d 80, 83-84 (2007). The petitioner now seeks leave to file an action styled *Michael A. Scott v. U.S. Bank, N.A., et al.* in the Circuit Court of the City of Virginia Beach. The complaint, which is thirty-five pages in length, seems to arise out of the petitioner's loss of two parcels of real property in foreclosure.

Owing to the infinite variety of claims *pro se* parties can make, the courts cannot devise a certain method for determining if a *pro se* party subject to a pre-filing injunction ought to be allowed to file a pleading. From long experience, however, I have come to recognize certain indicia of vexatiousness. Most of those indicia are present here.

1. Is a high officer of state who had nothing to do with the underlying events among the defendants? Yes. The Attorney General of Virginia is named, but the petitioner includes him only to defend the constitutionality of certain state statutes. He is, of course, immune from suit. *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984); *James v. Jane*, 221 Va. 43, 282 S.E.2d 864, 267 S.E.2d 108 (1980).

2. Is a judge who previously ruled against the plaintiff among the defendants? Yes. Judge Charles E. Poston, who entered a pre-filing injunction against the plaintiff, found him in contempt of court for violating it, and imposed a sanction of $40,330.59. A judge is also immune from suit. *Messina, supra; James, supra*.

3. Are any lawyers who have previously opposed the plaintiff in litigation named as defendants? Yes. Five of them and their three law firms.

4. Is that prior litigation a basis for this action? Yes.

5. Are the legal claims in the complaint stated clearly and concisely or is a blunderbuss approach employed? To call the petitioner's legal claims a blunderbuss is an understatement. In paragraph 21, he bases his claims for relief on, *inter alia*, the entirety of the Virginia Declaration of Rights, the Virginia Antitrust Act, the insulting words statute, the Virginia Consumer Protection Act, two criminal statutes that do not provide private rights of action, at least twelve common law claims (subparagraph m), and lest anything be omitted "Any other State laws or rules, statutory or common law, not specifically mentioned in this complaint, under which the facts of this case would entitle plaintiff to relief, as the Court deems proper and just."

6. Are any of the actions of the attorneys complained of probably privileged? Yes. See paragraphs 33 and 34 accusing the attorneys of defamation for statements made in open court and in pleadings. *Penick v. Ratcliffe*, 149 Va. 618, 140 S.E.2d 664 (1927).

7. Has the plaintiff been declared a vexatious litigant by more than one court? Yes. The U.S. District Court for the Eastern District of Virginia has also entered a pre-filing injunction against him. *Michael A. Scott et ux. v. Wells Fargo Home Mortgage, Inc.*, Civil Action No. 2:03cv786 (Dec. 15, 2004). At least three of the defendants there are named as defendants in the tendered complaint.

8. How many defendants are named in the complaint? Most civil actions in this court have from one to three defendants. Here we have twenty-one defendants.

9. Does the complaint allege a conspiracy? Yes. Here, not one, but at least two conspiracies are alleged. One involves Judge Poston and several attorneys. The other involves several financial companies and attorneys. If half the conspiracies in the minds of *pro se* litigants actually existed, this world would be a far more dangerous place than it already is.

10. Does the complaint allege the acts of the conspirators have harmed others in addition to the plaintiff? Yes.

11. Does the complaint allege forgeries? Yes, multiple.

12. Does the complaint allege the commission of other crimes by the defendants? Yes.

13. Does the complaint name innocent by-standers as defendants? Yes. It names two commissioners of accounts who approved foreclosure accountings.

14. Does the complaint seek to declare a state statute unconstitutional? Yes. Not one statute, but three.

15. Does the complaint seek excessive compensatory damages? Yes. The plaintiff seeks $100,347,000 in compensatory damages.

16. Does the complaint seek punitive damages? Yes. Not the $350,000 authorized by Code of Virginia § 8.01-38.1, but $100,350,000.

17. Does the complaint or its cover letter indicate that copies have been sent to major news organizations, elected officials, or the F.B.I.? No.

The existence of a few of these indicia does not necessarily establish vexatiousness. The existence of any of numbers 1 through 4 and a blunderbuss pleading is a strong indicator of vexatiousness. The existence of all of numbers 1 through 4 and a blunderbuss pleading is conclusive. When combined with indicia 6 through 16, I conclude the filing of the proposed complaint ought not to be allowed, and it is ordered not to be filed.

The petitioner continues to attempt to vex the defendants and the courts. The lengthy complaint he attempts to file here took considerable time to review. That time could have been better spent on meritorious cases. Rule 1:4(j) provides that "Brevity is enjoined as the outstanding characteristic of good pleading." It is, therefore, ordered that, if the petitioner submits any complaint for approval in the next five years naming as a defendant any party named as a defendant herein, such complaint shall not exceed five pages in length double spaced. It is further ordered that all pleadings the petitioner may file within any twelve month period against any or all the parties named herein as defendants shall not cumulatively exceed ten pages in length double spaced.

The Clerk shall maintain a copy of the proposed pleading and this order in a miscellaneous file.