# CIRCUIT COURT OF THE CITY OF NORFOLK

John L. Harnois, Sr.

v.

Sara F. Lamont et al.

November 4, 2011

Case No. (Civil) CL11-4434

By Judge Everett A. Martin, Jr.

This action came before the Court on October 24. The plaintiff filed, *inter alia*, motions for default judgment and to amend his complaint, and he noticed them for hearing that day. Several defendants filed motions, demurrers, and a special plea, and gave notice of hearing that day as well. The plaintiff withdrew his notice on October 18, which was received by the Clerk on October 21, and he asked for a continuance. The defendants did not withdraw their notices.

The plaintiff did not appear on October 24, but several defendants did. Sara F. Lamont (the "ex-wife") and Katherine Brown appeared *pro se*. William Parkhurst, Esq., appeared for himself and his law office. Harvey Bryant, Esq., and Gordon Ufkes, Esq., appeared by counsel, Anne C. Lahren, Esq. The City of Virginia Beach and Kamala Lannetti appeared by counsel, Michael A. Beverly, Esq. Dr. James Merrill appeared by counsel, Jeffrey A. Hunn, Esq. CNJ Enterprises appeared by counsel, Nathaniel R. Pierce, Esq.

This action arises out of the plaintiff's divorce and incarcerations. The complaint is twenty six pages long and contains 103 numbered paragraphs.

Appended to it is an eight page single spaced document entitled "Extensive and Needed Background of Parties Leading to Present Suit." There are eighteen named defendants and John Doe. In short, the plaintiff seeks damages for the failure of his marriage, his incarcerations, the depletion of his IRA, his loss of his V.A. pension while incarcerated, the distribution of the proceeds of the sale of the marital residence, and his children's alienation from him. As best the Court can tell, he sets forth thirteen causes of action. On page 3 of the complaint the plaintiff alleges: "The V.A. and S.S.A. . . . . have continuously deemed Mr. Harnois incompetent and incapacitated since 2000."

### Prosecutorial Immunity

Harvey Bryant, Esq., and Gordon Ufkes, Esq., are named in paragraphs 92-95 and 102 of the complaint. The allegations about Mr. Bryant concern his refusal to prosecute the plaintiff's ex-wife. Those against Mr. Ufkes concern his prosecution of the plaintiff in April of 2011 in the Juvenile and Domestic Relations District Court. Mr. Bryant and Mr. Ufkes are absolutely immune from suit for these actions. *Andrews v. Ring*, 266 Va. 311, 585 S.E.2d 780 (2003). The Court sustains their plea in bar.

### City of Virginia Beach

The plaintiff's allegations against the City of Virginia Beach in paragraphs 48-53, 57-58, and 64-73 of the complaint concern the denial of access to his children's school records. The schools of Virginia Beach are operated by its School Board, an entity separate and apart from the City of Virginia Beach. Code of Virginia §§ 22.1-28, 22.1-71. The wrong party has been sued. The Court sustains its demurrer.

### Kamala Lannetti, Esq., and Dr. James Merrill

Mrs. Lannetti and Dr. Merrill are also sued concerning the plaintiff's denial of access to his children's school records. The allegations are contained in the same paragraphs as those mentioning the City of Virginia Beach. Whether there is a federal or Virginia statutory cause of action for an improper denial of access to school records is not a question the Court need answer. No such cause of action is pleaded. However, there is no common law cause of action for tortious interference with a parent's right to the care, custody, and control of his children. Statutory conspiracy only lies to protect trade, business, and professional interests, not personal interests, such as access to a child's school records. *Andrews v. Ring, supra*. A denial of access to a child's school records would not be "so outrageous . . . and so extreme . . . as to go beyond all possible bounds of decency," which is a

requirement for a claim of intentional infliction of emotional distress. *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991). The other causes of action pleaded could not be based on a denial of access to school records.

Mrs. Lannetti is also sued for "defamation of character, slander, and libel." In Virginia these are now all usually referred to as "defamation." Mrs. Lannetti's allegedly defamatory statements were made in testimony in court. Complaint, paragraphs 56-57. The case was an appeal of a protective order issued against the plaintiff to his ex-wife. Mrs. Lannetti testified the plaintiff had sent threatening letters to the school. Testimony given in court is absolutely privileged if relevant and pertinent to the matter under inquiry. *Darnell v. Davis*, 190 Va. 701, 707, 58 S.E.2d 68, 70 (1950). Mrs. Lannetti's testimony was privileged.

The Court sustains the demurrers of Dr. Merrill and Mrs. Lannetti.

### CNJ Enterprises, Inc.

CNJ Enterprises, Inc., was never mentioned in the complaint, except in the caption. Its demurrer is sustained.

### Vexatious Litigation

On January 11, 2010, while incarcerated, the plaintiff filed a complaint in the Circuit Court of the City of Portsmouth. *John L. Harnois, Sr. v. Sara F. Riley-Harnois et al.* (Civil No. CL10-43). Every defendant named in that complaint is named as a defendant in the complaint before this Court. The defendants here whose special plea or demurrers have been sustained were not named in the Portsmouth complaint, and Stuart D. Lamont is the only remaining defendant here who was not named there. In the Portsmouth complaint, the plaintiff seeks monetary damages arising out of many of the acts pleaded here. This Court still has jurisdiction as no process has been served in the Portsmouth case. *Craig v. Hoge*, 95 Va. 275, 28 S.E. 317 (1897).

On March 31, 2010, also while incarcerated, the plaintiff filed a complaint in the U. S. District Court for the Eastern District of Virginia. *John L. Harnois, Sr. v. Sara F. Riley-Harnois et al.* (1:10cv332). Almost all of the defendants named in that complaint are named in the complaint before this Court. The defendants named there but not here are Dale Holt and Leigh R. Powell. By order of August 26, 2010, the U.S. District Court dismissed the complaint for failure to state a claim and lack of subject matter jurisdiction. This Court cannot discern from the order whether any defendants appeared.

On September 26, 2011, the plaintiff filed *in this Court* a petition seeking to set aside his divorce decree pursuant to Code of Virginia § 8.01-

428(D). *John L. Harnois, Sr. v. Sara F. Lamont* (Civil No. CL11-7322) The divorce cause was tried in the Circuit Court of the City of Virginia Beach. The Court of Appeals recently affirmed that Court's decision. *John L. Harnois, Sr. v. Sara F. Riley-Harnois*, (Rec. No. 1571-10-1, Oct. 11, 2011) The Court of Appeals found the plaintiff's appeal "without merit." Memorandum opinion at p. 1. The Court of Appeals noted that:

> In 2005, [plaintiff] was convicted of two violations of a protective order and one charge of misdemeanor assault against [his ex-wife], and a felony for abduction. . . . [W]hile in prison, [plaintiff] was charged with trying to hire another inmate to kill [his ex-wife] and a friend of hers.

*Supra*, at p. 3. The plaintiff's ex-wife incurred almost $75,000 in attorneys' fees in the divorce proceeding. *Supra*, at p. 14. In affirming the Circuit Court's award of $20,000 attorneys' fees to the ex-wife, the Court of Appeals quoted Judge Hanson's finding that the plaintiff filed "voluminous motions" which dealt "with nothing more than things we have already litigated." *Supra*, at p. 15. The opinion also shows that the plaintiff filed numerous unsuccessful motions in the Court of Appeals. This Court *ex mero motu* found the plaintiff's petition to set aside his divorce decree without merit and dismissed the proceeding by decree entered November 2, 2011.

In *In re Michael A. Scott*, 79 Va. Cir. 299 (2009), this Court set out seventeen indicia of vexatiousness to determine if a pleading is vexatious. Most of those indicia are found in this complaint. A lawyer who represented the ex-wife in the divorce is a defendant here, as is a prosecuting attorney who prosecuted the plaintiff. No. 3. The prior divorce litigation and the plaintiff's criminal prosecutions are the bases for this action; indeed, they are the crux of it. No. 4. The claim is not clear and concise; it is a blunderbuss pleading with at least thirteen causes of action. Some of the causes of action pleaded do not exist, *e.g.*, extortion (blackmail), harassment, perjury, and tortious interference with a parent's rights in the care, custody, and control of his children. No. 5. Mr. Ufkes's actions in prosecuting the plaintiff were privileged as was Mr. Bryant's decision not to prosecute the ex-wife. No. 6. There are eighteen defendants, John Doe, and the plaintiff seeks leave of court to add seven more defendants. One of the prospective additional defendants was a former attorney of the ex-wife; another prosecuted the plaintiff on a probation violation. No. 8. The plaintiff also seeks leave to add twenty more paragraphs, four pages, to the complaint.

What truly distinguishes this complaint are the innumerable conspiracies, the number of conspirators, adulterers and adulteresses, and the duration of the conspiracy. No. 9. It seems the conspiracies continue to this day.The complaint alleges forgeries, that the ex-wife obtained money by false pretenses, and that several defendants have committed perjury. Nos. 11 and 12. The complaint names some businesses as defendants, but it makes no allegation against them. No. 13. As the Court noted in *In re Michael A. Scott*, the presence of any of Nos. 1 to 4 and No. 5 is a strong indicator of vexatiousness. Here we have Nos. 3, 4, and 5, as well as 6, 8, 9, 11, 12, and 13. The Court finds *ex mero motu* that this complaint is vexatious and that it was filed for an improper purpose, *i.e.*, the harassment of the defendants, especially the ex-wife.

### *Sanctions*

At the conclusion of the hearing on October 24, the Court, *sua sponte*, invited the defendants to submit claims for attorneys' fees. The Court has received and reviewed the claim of CNJ Enterprises, Inc., for $3,292.50 in attorneys' fees. No other represented defendant has submitted a claim.

The complaint violates Rule 1:4(j): "Brevity is enjoined as the outstanding characteristic of good pleading. In any pleading a simple statement, in numbered paragraphs, of the essential facts is sufficient." It takes considerable time to slog through the plaintiff's thirty-four page chronicle of conspiracies and serial adulteries. No one should have to pay an attorney to read all this to find the few paragraphs mentioning his client or to discover that his client is only named in the caption.

It is therefore ordered:

The plea in bar of Harvey Bryant, Esq., and Gordon Ufkes, Esq., is sustained, and the claims against them are dismissed with prejudice.

The demurrers of the City of Virginia Beach, Dr. James Merrill, and Kamala Lannetti, Esq., are sustained, and the claims against them are dismissed without prejudice, provided that the defamation claim against Kamala Lannetti is dismissed with prejudice.

The demurrer of CNJ Enterprises, Inc., is sustained, and the claims against it are dismissed without prejudice.

The Court having found the complaint to be vexatious and filed for an improper purpose, finds the appropriate sanction to be dismissal of the complaint without prejudice to whatever action the Circuit Court of the City of Portsmouth may take in the action pending there. Code of Virginia § 8.01-271.1. It is therefore ordered that the complaint is dismissed without prejudice as to all remaining defendants.

All of the plaintiff's motions are denied.

It is further ordered, that the plaintiff not file any pleading against any of the following persons in any Court of the Commonwealth without

obtaining leave from a judge of this Court: Judge Edward W. Hanson, Jr., Sara F. Lamont, Stuart D. Lamont, CNJ Enterprises, Inc., Katherine Brown, Gina Harnois (a/k/a Regina Croce), Kamala Lannetti, Esq., James Merrill, Harvey Bryant, Esq., Gordon Ufkes, Esq., the City of Virginia Beach, Janet Young (a/k/a Janet Segerson), Sara G. Riley, Alan Hawkins, Al's Trim Design, Richard Snyder, James River Enterprises, William Parkhurst and his law practice, Kimberly A. Vakos, Paul's Auto Service Center, Paul's Auto Collision Center, Janee D. Joslin, Esq., Antonica F. Welvaert, Danielle Cason, Phillip Hollowell, Esq., the School Board of the City of Virginia Beach and any member thereof, Bessianne T. Maiden, Esq., the personal representative of Kenneth V. Geroe, Esq., Dale Holt, and Leigh R. Powell.

With any such future pleading the plaintiff may seek to file, he shall attach to it a copy of this order and a notarized affidavit certifying that the matters raised in the complaint have never been raised or disposed of on the merits by any state or federal court, or if the matters alleged in the complaint have previously been raised in any state or federal court, he shall provide: (i) the complaint in such case, (ii) the docket number, (iii) copies of any orders entered by the court in the case, and (iv) the status or outcome of the case.

Any such future pleading shall not exceed ten pages in length double spaced. The pleading and the affidavit shall be set in no smaller than 12 point type condensed to no more than fourteen characters per inch in one of these typefaces: Bookman Old Style, Century Schoolbook, Garamond, Palatino, or Times New Roman.

The Court awards attorneys' fees of $1900 to CNJ Enterprises, Inc., as a compensatory sanction. The Court awards punitive sanctions of $1500 to Sara F. Lamont, $500 to Katherine Brown, and $500 to William Parkhurst, Esq.

Endorsements are waived pursuant to Rule 1:13. The Clerk shall send copies of this order to Judge Edward W. Hanson, Jr., of the Circuit Court of the City of Virginia Beach, to Chief Judge James C. Hawks of the Circuit Court of the City of Portsmouth, to the plaintiff, to counsel for represented defendants, and to unrepresented defendants.