# CIRCUIT COURT OF THE CITY OF NORFOLK

Arch Insurance Co.,
Dollar Tree Stores, Inc.,
and Greenbriar International, Inc.

v.

American Home Assurance Co.
and Dollar Connection, Ltd.

April 27, 2015

Case No. (Civil) CL14-2111

BY JUDGE JOSEPH A. MIGLIOZZI, JR.

On March 9, 2015, this Court heard oral arguments by both Parties in the above-referenced matter on Plaintiff's motion for a Default Judgment. Specifically, on March 17, 2014, Plaintiff filed a Motion for Declaratory Judgment against Defendant in the Norfolk Circuit Court and properly served Defendant, a foreign entity, at its Hong Kong location in April 2014. Ten months later, Plaintiff filed a motion for Default Judgment in the Norfolk Circuit Court, claiming Defendant never filed an Answer or any responsive pleading. When the matter was docketed in this Court for a hearing on March 9, 2015, counsel for the Defendant appeared and filed, contemporaneously, an Answer and responsive pleading arguing "mistake." The Court ruled in favor of Plaintiff and granted the Default Judgment. Thereafter, on March 23, 2015, Defendant filed a Motion for Reconsideration, and this Court, in an Order dated March 27, 2015, suspended entry of the Default Judgment until today's date to review pleadings by both parties. Defendant raises several issues in its Motion for Reconsideration; however, this Court finds that only two issues need to be addressed: the jurisdiction of this Court and whether the Plaintiff is, in fact, entitled to a default judgment.

After filing a Motion for Leave To File an Answer Out of Time and after oral arguments on the Default Judgment, Defendant raised the jurisdiction issue of the "first file rule" in its Motion for Reconsideration. Defendant argues that this Court lacks priority of jurisdiction because Defendant was served first in the Western District of Pennsylvania action. "The priority of jurisdiction is determined by the date of the service of the process." *Craig*

*v. Hoge*, 95 Va. 275, 280, 28 S.E. 317, 319 (1897). This rule applies "[w]hen two courts have concurrent jurisdiction over the same subject matter." *Id*. at 284, 28 S.E. 320. However, *Craig* is distinguishable from the case *sub judice*. Unlike *Craig*, the Norfolk case and the Western District of Pennsylvania case are not identical. The Federal case arose as a personal injury lawsuit that contemplates money damages as relief. The Norfolk case is a separate action that contemplates declaratory relief pursuant to insurance coverage brought under a Continuing Vendor Indemnification Agreement. There are similar facts between the two actions, but the subject matter of the controversy in the Federal personal injury case is not the same as in this indemnification case. These suits do not have "the same general object," and do not contemplate "the same general relief." *Id*. at 281, 28 S.E. 319.

Defendant's claim that the action *sub judice* is proper in the Pennsylvania Federal Court instead of the Norfolk Circuit Court also fails because Defendant contracted to Norfolk's jurisdiction in indemnification actions. The Continuing Vendor Indemnification Agreement (Complaint Exhibit 3, par. "Miscellaneous") and the May 21, 2009, Purchase Order (Complaint Exhibit 4, par. 15) establish the Norfolk Circuit Court as the appropriate venue. Therefore, this Court finds the Norfolk Circuit Court to have proper jurisdiction because of the different subject matters of the separate Federal and State actions and the choice of law and venue provisions to which Defendant contracted with Plaintiffs.

Finally, this Court entered a Default Judgment against Defendant on March 9, 2015, and then suspended entry of said judgment to review Defendant's subsequent Motion for Reconsideration. The Court found the facts to be as follows: Plaintiff filed its Complaint for Declaratory Judgment in the Norfolk Circuit Court and properly served the Defendant at its Hong Kong location and that the Defendant failed to answer the motion, generally or otherwise, within the ninety days as permitted by Rule 3:8 of the Supreme Court of Virginia. In fact, in its late Answer, Defendant concedes that its corporate client was "unfamiliar with the judicial system in the United States," and that the failure to answer was a "mistake." Accordingly, given the nature of the action before this Court, the facts argued orally on March 9, 2015, and the length of time that had elapsed without an Answer by the Defendant, this Court finds that Plaintiff is entitled to a Default Judgment.

Therefore, this Court's ruling of March 9, 2015, in favor of Plaintiff's Motion for Default Judgment is re-instated effective as of this date.